**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GATLING'S CHARTER, INC., | ) | |
| | ) | |
| Debtor. | ) | Case No: 11-BK-50671 |
| | ) | Chapter 11 |
| | ) | Honorable A. Benjamin Goldgar |
| _____ | ) | |

**NOTICE OF MOTION**

TO: **VIA ELECTRONIC MAIL VIA ECF**

**Patrick S. Layng**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, Illinois 60604

**VIA U.S. MAIL**

**See attached service list attached as PDF exhibit**

    **PLEASE TAKE NOTICE** that on the **26th of November, 2012, at 9:30 A.M.,** I shall appear before the Honorable Judge A. Benjamin Goldgar, or before whomever is sitting in his stead, and then and there present **DEBTOR'S FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICE OF THOMAS W. LYNCH, P.C., AS COUNSEL FOR THE DEBTOR** which shall be heard in Courtroom 642 of the United States District Court for the Northern District of Illinois, 219 South Dearborn, Chicago, Illinois, at which time you may appear if you so choose.

                                      /s/ Thomas W. Lynch, Esq.
                                      LAW OFFICE OF THOMAS W. LYNCH, P.C.
                                      9231 South Roberts Road
                                      Hickory Hills, IL 60457
                                      Tel:   (708) 598-5999
                                      Twlpc@att.net

## **CERTIFICATE OF SERVICE**

**I, Thomas W. Lynch,** an attorney, certify that I caused this Notice along with the attached Motion to be served upon the person(s) noted by causing a copy of these documents to be mailed to such persons, postage pre-paid, in the U.S. Mail in Bridgeview, Illinois, on this 2nd of November, 2012 while an electronic copy was delivered to the individuals disclosed electronic mail address via PACER who have appeared in this case also on the 2nd of November, 2012.

/s/ Thomas W. Lynch, Esq.

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| GATLING'S CHARTER, INC., | ) | |
| | ) | |
| Debtor. | ) | Case No: 11-BK-50671 |
| | ) | Chapter 11 |
| | ) | Honorable A. Benjamin Goldgar |
| _____ | ) | |

### FIRST AND FINAL APPLICATION FOR COMPENSATION FOR LEGAL SERVICES OF THE LAW OFFICE OF THOMAS W. LYNCH, P.C. AS COUNSEL FOR THE DEBTOR

### REQUEST FOR FEES TO BE ALLOWED & AWARDED

The Law Office of Thomas W. Lynch, P.C., (herein referred to as the "Firm") hereby respectfully submits its first and final application (herein referred to as the "Fee Application") for compensation for legal series performed in relation to representation of Gatling's Charter, Inc., (herein referred to as the "Debtor") in its Chapter 11 bankruptcy case. And in support thereof, the Firm respectfully represents as follows:

### NOTICE

Pursuant to this Court's Local Rules, the Firm has served written and/or electronic notice of the Firm's Fee Application upon all parties and creditors in this case as so outlined in the Notice of Motion above.

### INTRODUCTION

1.  By this Fee Application, the Firm respectfully seeks an order of this Court allowing and awarding the Firm compensation in the amount of $22,896.00 for unpaid professional services rendered by the Firm on behalf of the Debtor during the period of

December 27, 2011 through October 31, 2012. Therefore, this Fee Application seeks compensation in the total amount of $22,896.00 to be paid to the Firm and to allow the Firm to retain the $3,500.00 the Debtor initially paid to the Firm to file their Chapter 11 bankruptcy case – of which $1,046.00 of the $3,500.00 was utilized to pay the Chapter 11 filing fee on behalf of the Debtor. Other than the Chapter 11 filing fee expense, the Firm is not seeking any reimbursement for any other expenses incurred in representing the Debtor.

2. The Firm makes this Fee Application pursuant to (a) 11 U.S.C. §§ 105(a) and 330, (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure, (c) applicable provisions of the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted by the Office of the United States Trustee, (d) Rule 5082-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, and (e) other applicable case law, as further discussed herein.

## **JURISDICTION**

3. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois. Venue of this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Fee Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (O).

# **NARRATIVE SUMMARY**

Pursuant to Local Rule 5082-1(B), the Firm now provides the narrative summary of its fees incurred for the period covered in its Fee Application:

A.  Summary list of all principal activities of the applicant, giving the total <u>compensation requested in connection with each such activity</u>.

The principal activities of the Firm are broken down into the following seven (7) categories:

1) General administration of Chapter 11 case
2) Court preparation and hearings attended in Chapter 11 case
3) Administering Secured Claims
4) Administering Unexpired Lease Claims
5) Administering Unsecured Creditor Claims
6) Preparing Disclosure Statement and Plan of Reorganization
7) Preparation of First and Final Fee Application

The Firm provides a breakdown for total hours worked in each of the above seven categories:

1) General Administration of Chapter 11 case-            8.7 Hours
2) Court Hearings-                                       28.2 Hours
3) Administering Secured Claims-                         4.8 Hours
4) Administering Unexpired Lease Claims-                 7.3 Hours
5) Administering Unsecured Creditor Claims -             .9 Hours
6) Preparing and Amending Disclosure Statement
   and Plan of Reorganization -                          42.5 Hours
7) Preparation of First and Final Fee Application -      9.0 Hours
                                                         _____

**Firm's Total Hours Worked on behalf of Debtor:**       **101.40 Hours**

The Firm provides a breakdown for total compensation requested within each of the above seven categories:

1) General Administration of Chapter 11 case-            $2,175.00
2) Court Hearings-                                       $7,050.00
3) Administering Secured Claims-                         $1,200.00
4) Administering Unexpired Lease Claims-                 $1,825.00
5) Administering Unsecured Creditor Claims -             $225.00

| | | |
|---|---|---|
| 6) | Preparing and Amending Disclosure Statement and Plan of Reorganization - | $10,625.00 |
| 7) | Preparation of First and Final Fee Application | $2,250.00 |

**Firm's Total Fees Incurred**                                    $25,350.00

The total compensation the Firm now seeks through its Fee Application can be analyzed as follows:

**Firm's Total Fees Incurred**                                    **$25,350.00**

Retainer Payment Made by Debtor:                       $3,500.00

Expenses Incurred on behalf of Debtor
Utilizing Retainer:                                                     $1,046.00
(Filing Fee)

Balance of Retainer:                                        $2,454.00

**Firm's Total Fees Sought for Compensation**
**After applying credit for Balance of Retainer Payment:**     **$22,896.00**

Three (3) attorneys of the Firm were utilized in representing the Debtor in this case: 1) Thomas W. Lynch ("TWL"), 2) Michael Martin-Johnston ("MMJ") and 3) Scott A. Schimanski ("SAS"). The Firm's hourly rate for all three attorneys is and was $250.00 per hour. In addition, beyond the Chapter 11 filing fee, which was paid from the Debtor's retainer payment, the Firm did not charge the Debtor for any hard costs and/or other expenses incurred during the course of representing the Debtor. As such, the Firm does not seek reimbursement for any such expenses.

       B.      Separate description of each of the applicant's activities, including details as to the individuals tasks within such activity

The Firm provides a list of each attorney's activities within each of the above seven categories and details of individual tasks so performed.

1)     General Administration of Chapter 11 case

First, the Firm notes the following hours were incurred in handling the general administration of the Debtor's Chapter 11 case:

| Attorney | Time Spent | Value |
|---|---|---|
| Thomas W. Lynch: | 0.70 hours | $175.00 |
| Michael Martin-Johnston: | 8.00 hours | $2,000.00 |
| Totals: | 8.7 hours | $2,175.00 |

Mr. Lynch and Mr. Martin-Johnston general administration of this Chapter 11 case involved providing legal counsel to the Debtor and advising the Debtor throughout the case and answering questions the Debtor regarding the Chapter 11 process, next steps in handling all types of claims the Debtor's estate had, and reviewing options in the case on an ongoing basis. The general administration of Debtor's Chapter 11 case included conferences amongst Mr. Lynch and Mr. Martin-Johnston to discuss strategy on dealing with the Debtor's four (4) primary creditors and each one's impact on the case and advising the Debtor on how best to proceed in administering each one of them. The general administration also included both Mr. Lynch and Mr. Martin-Johnston drafting and filing amendments to the Chapter 11 petition, counseling the Debtor on preparing the monthly operating reports required under the Code and also day-to-day cash flow concerns the Debtor had in regards to its business while operating under the Bankruptcy Court's protection and the compliance requirements to be satisfied. Finally, Mr. Martin-Johnston and Mr. Lynch counseled the Debtor in the procedures for withdrawing/dismissing its bankruptcy case.

2)      Court Appearances

The Firm notes the following hours were incurred in appearing at court hearings before the United States Bankruptcy Court or United States Trustee meetings on behalf of the Debtor:

| **Attorney** | **Time Spent** | **Value** |
|---|---|---|
| Thomas W. Lynch: | 7.00 hours | $1,750.00 |
| Michael Martin-Johnston: | 21.2 hours | $5,300.00 |
| **Totals:** | **28.2 hours** | **$7,050.00** |

The hearings or court appearances required under the Code or this Court's local rules and/or orders included the motion to employ Firm as counsel for the Debtor, the initial interview the United States Trustee's Office, Section 341 meeting of creditors and at least seven (7) status hearings before the Court. Mr. Lynch handled and completed the motion to employ as counsel, initial interview with Unites States Trustee Office and also the Section 341 creditor meeting. Mr. Martin-Johnston prepared for and attended the status hearings before this Court. In addition, Mr. Lynch and Mr. Martin-Johnston did conference with the United States Trustee's office prior to most status hearings to apprise the United States Trustee of progress on certain matters and/or dispute resolutions made in the case.

3)      Administering Secured Claims

The Firm notes the following hours were incurred in handling the administration of the Debtor's secured creditors/claims:

| **Attorney** | **Time Spent** | **Value** |
|---|---|---|
| Thomas W. Lynch: | 0.80 hours | $200.00 |

| | | |
|---|---|---|
| Michael Martin-Johnston: | 4.00 hours | $1,000.00 |
| Totals: | 4.80 hours | $1,200.00 |

Mr. Lynch and Mr. Martin-Johnston administered the secured claim of GE Capital which included numerous conferences with GE Capital's counsel to discuss appraisal valuation issues regarding GE Capital's collateral, insurance on GE Capital's collateral and addressing GE Capital's requests in the Debtor's disclosures statement and amending it to rectify GE Capital's concerns. Mr. Lynch time was spent successfully negotiating an agreement with GE Capital to accept arrearage and current loan payments over a new, extended period of time, allowing the Debtor to attain sufficient cash flow so as to retain GE Capital's collateral and allow it operate its transportation business. This same agreement with GE Capital was then incorporated into the disclosure statement and plans of reorganization filed with Court, therefore resolving the major secured creditor claim of the Debtor's bankruptcy estate with great efficiency.

    4)    <u>Administering Unexpired Lease Claims</u>

The Firm notes the following hours were incurred in administering the unexpired lease claims of the Debtor:

| **Attorney** | **Time Spent** | **Value** |
|---|---|---|
| Thomas W. Lynch: | 2.70 hours | $675.00 |
| Michael Martin-Johnston: | 4.60 hours | $1,150.00 |
| **Totals:** | **7.30 hours** | **$1,075.00** |

Mr. Lynch and Mr. Martin-Johnston acted in administering the Debtor's unexpired lease claim between the Debtor and Edson Financial, Inc. (herein referred to as "Edson"). This included reviewing Edson's unexpired lease master agreement and

conferencing with the Debtor on the terms and conditions of their Edson contract and how the Debtor's unexpired lease would be treated under the Bankruptcy Code. In addition, this involved Mr. Lynch negotiating the treatment of Edson's unexpired lease claim, including ensuring the assignment of the Edson lease to a third-party, Star Coaches, who utilizes Edson's collateral under the Edson unexpired lease, remained in full force and effect. In addition, Mr. Martin-Johnston had several discussions with Edson's counsel regarding filing of an alleged secured claim in the Debtor's case, reviewing the Master Lease Agreement for terms and conditions and also resolving title and lien issues between Edson and the Debtor so raised during the course of the Debtor's case. Mr. Lynch held several discussions with Edson's counsel to finalize term of affirming the unexpired lease prior to including the same in the Debtor's disclosure statement and plan of reorganization.

     5)    <u>Administering Unsecured Claims</u>

The Firm notes the following hours were incurred in administering the Debtor's unsecured claims in its Chapter 11 bankruptcy case:

| **Attorney** | **Time Spent** | **Value** |
|---|---|---|
| Michael Martin-Johnston: | 0.90 | $225.00 |

Most of the Debtor's unsecured claims did not file proofs of claim- except for Key Equipment, Inc. (herein referred to as "Key") in the amount of $200,000.00, plus attorneys' fees and interest. Key also, simultaneously during the Debtor's bankruptcy case, filed a state court lawsuit in the Circuit Court of Cook County against Gatling's Chapel, Layafette Gatling and Margurite Gatling under the same sets of facts and issues present in Key's proof of claim filed in the Debtor's bankruptcy case. Therefore, because

Key filed a contemporaneous state court lawsuit the Firm was obligated to defend the corporate officers of the Debtor, the Firm incurred fees outside of bankruptcy relating to the resolution of the state court lawsuit. The Firm has not charged the Debtor twice for the fees incurred in handling Key's state court lawsuit and has otherwise avoided duplication of effort and fees in relation to Key equipment's unsecured claim.

However, on 5/30/2012, Michael Martin-Johnston did have several conference calls with Key Equipment counsel and the Debtor to discuss issues pertaining to Key Equipment's proof of claim that were to be addressed in Court on the 6/4/2012 status hearing so as to apprise the Court of this last unsettled matter keeping the bankruptcy case active. As of the date of filing below, Key's state court lawsuit remains active but has been successfully settled and should be resolved via dismissal without prejudice on November 8, 2012 before Judge Mitchell of the Law Division of Cook County Circuit Court.

  6) <u>Preparing and Amending Disclosure Statement and Plan of Reorganization</u>

The Firm notes the following hours were incurred preparing and amending the Debtor's disclosure statement and plan of reorganization:

| **Attorney** | **Time Spent** | **Value** |
|---|---|---|
| Thomas W. Lynch: | 2.00 hours | $500.00 |
| Michael Martin-Johnston: | 39.5 hours | $9,825.00 |
| Scott Schimanski: | 1.00 hours | $250.00 |
| **Totals:** | **42.5 hours** | **$10,625.00** |

Mr. Lynch, Mr. Martin-Johnston were the primary attorneys involved in reviewing the Bankruptcy Code and Local Rules of this Court and thereafter drafting

Debtor's disclosure statement, plan of reorganization and also incorporating the necessary exhibits into the disclosure statement and plan of reorganization. In addition, Mr. Lynch and Mr. Martin-Johnston prepared and filed an amended disclosure statement and plan of reorganization, incorporating revisions to resolve the United States Trustee concerns and also issues raised by GE Capital counsel to further memorialize GE Capital's secured claim treatment under the Debtor's plan. In addition, Mr. Martin-Johnston received and incorporated information from the Debtor's monthly operating reports and profit loss statements into the disclosure statement and plan of reorganization. Finally, Mr. Lynch and Mr. Martin-Johnston completed numerous conferences with the Debtor to advise on the disclosure statement and plan of organization and gather requisite information from the Debtor to properly complete the both documents.

7) <u>Preparing Firm's first and final Fee Application</u>

The Firm notes the following hours were incurred preparing the Firm's Fee Application:

| **Attorney** | **Time Spent** | **Value** |
|---|---|---|
| Thomas W. Lynch: | 2.50 hours | $625.00 |
| Michael Martin-Johnston: | 6.50 hours | $1625.00 |
| **Totals:** | 9.00 hours | $2,250.00 |

The Firm's activities by Mr. Lynch and Mr. Martin-Johnston included each attorney reviewing this Court's Local Rules and the Bankruptcy Code prior to preparing the Fee Application, reviewing the Firm's billing statements for compliance with Fed. R. Bankr. P. 2016 and Local Rule 5082, and thereafter drafting and revising the Fee Application. The fees sought for this category of tasks are ESTIMATED by the Firm.

Moreover, **the Firm will cap its fees** for preparing this Fee Application at 9.00 hours and $2,250.00 in total fees- should the Firm's billing statements, upon the Court's request for the same, reveal the Firm spent beyond 9.00 hours in regards to preparing the Fee Application, the Firm will not charge the Debtor beyond the $2,250.00 so estimated and requested herein. The filing of the Fee Application was necessary to ensure payment for the Firm's legal services rendered to the Debtor and to comply with Code's and this Court's Local Rules.

    C.    Detailed Statement of Firm's Legal Services

Pursuant to Fed. R. Bankr. P. 2016(a) and this Court's Local Rule 5082-1(c), attached and incorporated herein are the Firm's detailed billing statement, calculated at one-tenth of an hour increments, divided by task and activity which matches the narrative descriptions above, verifying:

    (1)    The date the work was performed;

    (2)    The name of the person performing the work;

    (3)    Brief statement of the nature of the work;

    (4)    Time expended on the work in increments of tenth of an hour;

    (5)    Fee charged for the work described in the entry.

**BASIS FOR RELIEF REQUESTED**

I.    **FIRM'S ATTORNEYS' FEES INCURRED IN REPRESETNING THE DEBTOR IN ITS BANRUPTCY CASE WERE REASONABLY NECESSARY, BENEFICIAL TO THE DEBTOR'S ESTATE AND SHOULD BE ALLOWED AND AWARDED TO THE FIRM**

Under Section 330(a)(1)(A), the Court may award the professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" In re Wildman, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987); *accord* In re UNR Industries, Inc., 986 F.2d 207, 210–11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also* City of Burlington v. Dague, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." Small v. Richard Wolf Med. Instruments Corp., 264 F.3d 702, 707 (7th Cir. 2001). Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." Moriarty v. Svec, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added).

Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See* Andrews & Kurth LLP v. Family Snacks, Inc. *(*In re Pro-Snax Distributors, Inc.*)*,157 F.3d 414, 421 (5th Cir. 1998); In re Ames Dep't Stores, Inc., 76 F.3d 66, 71 (2d Cir. 1996); Collier on Bankruptcy ¶ 330.04 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." In re Ben Franklin Retail Store, 227 B.R. 268, 270 (Bankr. N.D. Ill.1998).

In this case, the average hourly billing rate for the attorneys who performed the Services—that is, the *"*lodestar" rate—is $250.00 per hour. This average rate is fair and reasonable in light of the legal services provided and the experience of the Firm's professionals. In fact, the Firm believes the $250.00 to be at or even below the hourly market rate for representing a debtor in a Chapter 11 corporate bankruptcy case. Moreover, the total compensation requested by the Firm is reasonable based upon the customary compensation charged by comparably skilled practitioners representing Chapter 11 debtors.

In terms of benefit to the Estate, the Firm's representation has benefitted the Estate in the following ways:

1)    The Firm successfully negotiated an extension of the payment terms with GE Capital which allowed the Debtor to retain its charter buses from GE and avoid repossession of them- effectively keeping the Debtor in business and avoiding a Chapter 11 liquidation bankruptcy.

2)    The Firm successfully resolved the unexpired lease matter with Edson allowing a third-party charter company to continue fulfilling the Debtor's lease obligations through a subcontract the Firm and Edson's counsel came to an agreement thereon.

3)    The Firm successfully resolved two (2) of the Debtor's largest unsecured creditor claims: a) ABC Financial and b) Key Equipment.  The Firm's ability to resolve both ABC Financial and Key Equipment's unsecured claims saved the Debtor in legal fees in allowing it to exit Chapter 11 bankruptcy in a more efficient and effective manner and also saving the Debtor nearly $160,000.00 in unsecured debt payments owed.

These actions, along with the actions stated in the above narrative section, provided a tangible, cost-effective benefit to the Debtor and the Debtor's Estate.

## FIRST AND FINAL APPLICATION FOR PAYMENT OF FEES

This is the Firm's first and final application for allowance and payment of legal fees in the Debtor's case.

## CONCLUSION

**WHEREFORE**, the Firm respectfully requests that the Court enter an order:

A)    Finally allowing and awarding the Firm the fees incurred from December 27, 2011 through October 31, 2012 in the amount of $22,896.00;

B)    Authorizing and ordering the Debtor to make payments of such Fees and Expenses;

C)    Granting all other relief this Court deems necessary and just.

Date: November 2, 2012 /s/ Thomas W. Lynch, Esq.
LAW OFFICE OF THOMAS W. LYNCH, P.C.
9231 South Roberts Road
Hickory Hills, IL 60457
Tel: (708) 598-5999
Twlpc@att.net